This next case is case number 4-17-0259, People v. Jimmy Tilley, Jr. Appearing for the appellant is attorney Darren Kimmel, and for the appellee is attorney Kathy Shepard. Good afternoon. Mr. Kimmel, are you ready to proceed? You might. May it please the court. Counsel, I'm Darren Kimmel, and on behalf of the Office of the State Appellate Defender, I represent Jimmy Tilley. This case involves the erroneous dismissal of a post-conviction petition at the second stage of the proceedings. Mr. Tilley entered an open guilty plea on all counts with no consideration from the prosecution. In this case, after his attorneys failed to move to suppress the statement he made to the police, after he had requested counsel, and after the attorneys had not explained to him the operation, Additionally, they then failed to file a motion to withdraw the plea or a notice of appeal after he had requested that those things happen. None of these arguments are rebutted by the record at the second stage of proceedings. Also, appointed post-conviction counsel filed an amended petition in this case, but failed to file a Rule 651C certificate, and that means there's no presumption of compliance. And on top of that, the record here does not otherwise provide an affirmative showing of substantial compliance. I think that affirmative showing piece is the key point here that I'll come back to. So for those reasons, these claims should either advance to the third stage of the post-conviction proceedings on argument one, or under the second argument, this case should be remanded for compliance with Rule 651C and further second stage proceedings. So we've argued those two remedies and alternatives. Turning to the first argument, each claim of ineffective assistance of counsel presented a substantial showing of a constitutional violation that should have advanced to the third stage of proceedings. First is the Miranda claim, which I think is pretty clear. The police here should have stopped asking questions in the interrogation at the point where Mr. Tilley requested counsel. That's all set out in the PSI. It's not disputed. The police did not do so. They kept asking him questions, and then he made an incriminating statement. Was he a potential defendant at that time in the view of the police or a victim? I think he was certainly a suspect. So there were two different counties. The Sheriff Department said two counties were involved in this case at the same time. A pharmacy had been robbed in one county, I think it was Brunby County, and then he was actually arrested in Livingston County. So the Livingston County Sheriff's Police were involved in the arrest, and the Brunby County Police were investigating the robbery of the pharmacy. They were all aware, though, at the time that he was arrested, that a nearby person saw him drop off this bucket of pills under a tree driving a gold-colored SUV. They say they saw him or they saw an individual having driven a gold-colored vehicle? They saw an individual. Then he reports a gold-colored bravado stolen after he's driven away, comes back in a different car to pick up the pills. In the meantime, the police have set up watching the location, and they arrest him afterwards. It's during his time at the police station that night both sets of police are present, and after they're interrogating him about the pills that they found him with and the robbery, when he invokes counsel, they stop asking him about those things, and they switch to say, okay, do you still want to report your car as stolen? It's pretty clear at this point that these inquiries are connected. So I think the answer is that it doesn't matter. Well, he's pleaded guilty, isn't he? He did, Your Honor. So none of this, you know, given the circumstance of this case, how important were any statements he might have made to the police in ultimately the state's case or in his conviction on a guilty plea, or, you know, how does it matter? This wasn't a case that went to trial and the jury heard evidence that should have been expressed. That's correct, Your Honor. It matters under the rubric of ineffective assistance of counsel, and that's the only way it can matter here. This Court of People v. Ivey rejected an argument similar to this that occurred before a guilty plea, but it cited to the U.S. Supreme Court case of Tollett v. Henderson that makes clear that you can raise this type of claim as long as it's bundled together with counsel's representation on the guilty plea. And that's to say if the argument is that an effective attorney would not advise his client in the situation to plead guilty, having not challenged this earlier constitutional problem. Why not plead guilty? Because what? That you need to properly advise your client of the stakes of what they're facing. And that's to say, Mr. Tilly, he's been consistent throughout in arguing that he did not intend to sell the pills, that he's a drug addict and he's for personal use. It's quite a lot of pills, but they're subdivided by count. So it's not the total number of pills that matters. It's the number of hydrocodone pills, which is count one is only for hydrocodone. He was charged and he pled guilty to possession with intent to sell, which is a Class X crime. The lesser included of mere possession would have been a Class I. So you have a lower sentencing range of four to 15 instead of six to 30, but it's also not subject to the 75% truth in sentencing law. It's only at 50%. So it's not only a lower sentencing range, Class I versus Class X, it's also the minimum automatic sentence you must serve of it is lower as well. And that's quite a different range. So it goes to counsel's duty to properly explain the stakes of what your options are. Going to trial, here's what you would face. If you plead, here's the likely outcomes. That's what Toller versus Henderson talks about. Counsel has the argument can be an attorney. Nope, no reasonable attorney would have advised a client to plead without explaining these previous issues. So Ivy, people versus Ivy, it doesn't say that there's a hard bar. Ivy doesn't stand for the proposition that you can never challenge issues that predated the guilty plea. It says that you have to challenge them within the rubric of counsel's representation on the guilty plea. I think that's an important distinction. That also brings me to an issue that kind of connects the two arguments here. Argument one, that this should go on to the third stage, and argument two, that we need further second-stage proceedings under Rule 651C. The State has made a forfeiture argument that the amended petition does not set out the claims of ineffective assistance of counsel in the broad way that I've characterized them, as we're talking about the difference in Toller, that you can either challenge the Miranda violation as it's on its own, or you can challenge it by saying no attorney would have advised his client to plead guilty given the Miranda violation. And those are two different ways to frame this argument. The problem here, and the basis of the State's forfeiture argument, is that the pro se, the initial petition, includes that broader framing. You can read it into the pro se petition. The amended petition doesn't include that broader framing. It only challenges the Miranda violation on its face without connecting it to the guilty plea. So the State argues that that broader framing is forfeited here. The answer to that is that the affidavit that is attached to the amended post-conviction petition incorporates the earlier affidavit that was attached to the original pro se petition, and that affidavit swears to all the facts of the original petition. So there's a chain to get back to the original petition. But if this court accepts the State's forfeiture argument, it causes problems for the State on argument two, and that's to say the post-conviction counsel's duty to amend the petition. If counsel has failed to include a procedural argument to preserve the claim, how can that be complying with his duty to amend the petition? And there's a great deal of case law on that. I think the best example is a failure to allege ineffective assistance of appellate counsel to preserve a claim and avoid forfeiture. This presents the exact same issue as that. So if this court agrees with the State's forfeiture argument on argument one, then it needs to remand this case for further second stage proceedings under argument two for the duty to amend. So we've discussed the Miranda claim on the first argument, that a motion to suppress would have been successful and would have removed the evidence of intent to deliver. He contacted the police, didn't he? He contacted the police within Justice Harris's view of him being a victim. He called them to report his car stolen. So he calls the police, and the police respond during their hearing. And in that context, the Miranda warnings are required? Let me just rephrase that a little bit. He called them while there was already an investigation of this person that dropped off the pills. So they set up the last number. He was arrested for the pills. And then they also had this call that they received, and they quickly connected the dots. If the motion to suppress had been successful, you still have him going to the gold bravado and picking up the bucket filled with 8,000 pills. How does that help his case here? So I think it's important to subdivide the types of drugs because each count applies to a separate drug. And it may seem like splitting hairs, but hydrocodone was countable, and that's the only class X. And these are concurrent. 2,000? 3,000. So it's still quite a lot of pills. The point, though, he may well have lost the trial, but a confession that's been routinely noted is the strongest evidence of a person's intent. We don't usually get such obvious evidence of intent. Mr. Tilly is an opioid addict. He states, and it's taken to be true at the second stage, he states that he would take up to 30 pills a day. By my math, if you take 20 pills a day every day for five months, that's 3,000 pills. That's 20 a day. If he's taking 30 a day, which he's also said in the pleadings, that only gets you three and a third months, I believe. So it's not unreasonable. He certainly could have – it's a credibility determination. If he goes to trial, he certainly can get on the witness stand and make that argument. It's not unreasonable for a drug addict who has high tolerance to go through that many pills, So I agree he may well have lost that trial, but it's certainly – he has a chance there, and I don't think it's an unreasonable chance of success. The argument is that the confession, the statement to the police is the strongest evidence of intent, even though there is some other evidence remaining. But that is enough to provide a substantial showing of prejudice at the second stage, which is the lower standard we need to reach here. There's also the good time credit claim that we've discussed a bit, and this case is a bit complicated because I think these two claims mutually reinforce one another, certainly as prejudice. But when you combine these two arguments, there is a substantial showing that not only could he have – not only had he known that he faced 75 percent sentencing instead of 50, he might have gone to trial, but if he knew he had the chance to pursue a lesser-included offense of simple possession by only going to trial on the intent piece, that would have really changed the stakes. And there's a substantial showing that this affected Mr. Chilly's understanding of what was at stake, including guilty. I referenced the Lee case from the United States Supreme Court, and now our Illinois Supreme Court in Brown has weighed in on the Lee case. I think Lee does something interesting that was new in the law. It talks in the guilty plea, ineffective assistance for a guilty plea, it talks about two different categories of cases. There's outcome-determinative cases where we look at how would the defendant have fared at trial if he had not taken the plea, and there's some of that in this case with the sentencing ranges. But it also talks about a category of cases where because of counsel's efficient performance, the defendant didn't properly understand the process of what was happening in the guilty plea. He didn't understand what was at stake in pleading guilty, and Lee explains that that's not a purely outcome-determinative test. That case involved an immigration issue that's not an issue here, but I think Mr. Chilly's misunderstanding of what he was going into falls into that category of cases as well. There's also the outcome-determinative piece, but there is a process piece here, and I think that's important to emphasize. The third claim is the failure to file requested motions to withdraw the plea at a notice of appeal. I think that further compounds the errors in this case as well. Turning to the second argument, post-conviction counsel did not satisfy the requirements of Rule 651C. We don't have a presumption of compliance because there's no certificate in the record, but there's also no other affirmative showing in the record of substantial compliance. And I think People v. Mason, this Court's 2016 case, is on point for this. In that case, there was a certificate filed, but it was filed under the wrong rules. It was filed under Rule 604D, which is not applicable for post-conviction proceedings. 651C and 604D are analogous, but they don't perfectly overlap. And this Court found that the things that were at issue in that case were not covered by the Rule 604D certificate,  At that point, it looked at the statements in the record, and it found that there were, quote, no statements on the record from post-conviction counsel clarifying whether he spoke with the defendant about his claims of constitutional deprivation or reviewed the necessary records. That's absolutely true here as well. We simply don't have an affirmative showing on the record of compliance, particularly with the second and third requirements under the rule, that counsel reviewed the record necessary to the claims and that he amended the petition as needed to present the claims. We don't have an affirmative showing of substantial compliance with those two pieces. We do know that he met with Mr. Tilley a few times. That's clear in the record, but we don't have substantial compliance with the rule. Now, the State points to a few statements that are in the record and tries to argue that we can have an inference from those statements of substantial compliance. One group of those are perspective statements by counsel. He talked about his future plans to review the record. That's not the same thing. The fact that he said he had goals of what he wanted to do in the future does not provide substantial compliance that he actually accomplished those goals. There's an inference, the State argues, that there were two post-conviction petitions in this case that were proceeding in tandem. They were often at the same hearings, but they're two separate cases that were tracking together. There's a statement made that post-conviction counsel in the other case, not this case, that he needed to get a transcript of a hearing before he would file the amended petition in that case. And the State works backwards from that statement to say, well, if that's true for the other case, then by filing the petition in this case, he therefore must have reviewed all of the transcripts. And that's what People v. Suarez says we can't do. The mere fact of filing an amended petition does not show substantial compliance with the rule. It's the purpose of the rule. It's a prophylactic rule. It's meant to prevent these types of situations where we're guessing whether compliance happened or not. And so this Court should remand to make sure that that compliance happens. The third group of statements that the State looks at is there's a mention by counsel of discovery, facts that were in discovery in this case. Those are summarized in the PSI, which was attached to the original Pro Se petition. Counsel didn't have to go very far to find those. And there's a mention of a plea hearing transcript, which is just one transcript of all those that are at issue. The State cites the People v. Yarbrough, an older case from this Court, as one where the Court found there was enough in the record to support substantial compliance. I would just point out there's a number of differences with Yarbrough. The amended petition in that case included numerous record citations, and the amended petition in this case does not want to cite to the record in this case. The case is Y-A-R-B-R-O-U-G-H, People v. Yarbrough. There's no record citations in the amended petition in this case. I think that's an important difference because this Court found that by citing specifically to so many pages in the record, PC counsel was specifically showing that he was familiar with the record. That's not true in this case. The other case the State cites, too, is People v. Owens, an Illinois Supreme Court case from 1990. That was a third-stage post-conviction proceeding case. That's not applicable here. And one of the key things the Court relied on there was evidence that was presented at the evidentiary hearing, which because this is a second-stage case, never occurred in this case. So I would distinguish Yarbrough and Owens on those bases. But in the end, I think the interplay between Argument 1 and Argument 2 here is very important. The State's argument, on the whole, boils down to saying that post-conviction counsel forfeited these claims from the pro se petition by not putting them in the amended petition. And then in Argument 2, pivots to argue that counsel adequately amended the petition to present the claims. I don't think you can have it both ways. And here, at a minimum, this case needs to be remanded for full compliance with Rule 651C and further second-stage proceedings under Argument 2. And the alternative, we have also argued, under Argument 1, that this case should be remanded for third-stage proceedings on each of these claims. For all these reasons, I would ask that this Court adopt either of those alternative remedies. Thank you. Thank you, Mr. Kendall. Ms. Shepard? May it please the Court? Counsel? Counsel just stated that the State's argument is that defendant forfeited claims in the pro se petition by not including them in the amended petition. It's not the State's argument. The State's argument is that defendant has forfeited his claims on appeal that the amended petition contains claims that it doesn't contain and that you should, therefore, reverse the dismissal of his amended petition on that ground. The amended petition, in fact, contains two of the three claims that defendant made in his pro se petition. The one that it did not include was one that was refuted by the record. And that one was the one that defendant wants to, in his reply brief, he says that it was incorporated by reference into the amended petition. That's a forfeited argument in itself because it's made for the first time in his reply brief. And also, it's meritless. Defendant is trying to rely on the pro se petition's claim that counsel is ineffective in ill-advising and misleading defendant into pleading guilty. And the reason he wants to do that is because he wants to shoehorn the amended petition's claims into the exception stated that Your Honors was discussing for attacking making constitutional claims that allege ineffective assistance based on the advice that counsel gave defendant to plead guilty. And therefore, that can be something that a defendant can claim because it goes to the voluntary and intelligent character of the guilty plea. Now, defendant did not claim in his amended petition that counsel gave him bad advice. The amended petition realleged the claims that counsel was ineffective in failing to file the motion to suppress. Also, that counsel was ineffective in failing to file post-plea motions and a notice of appeal. A different claim, he kind of did a variation on the claim as to the sentence credit. He said that in the amended petition, that counsel was ineffective in failing to advise defendant as to the correct amount of sentence credit that he would be eligible for. Now, in the pro se petition, counsel had said that counsel was ineffective in ill-advising misleading defendant and pleading guilty by giving him the wrong advice regarding the sentencing range. And that claim was refuted by the record because it showed that the trial court correctly admonished him as to the sentencing range. So, the claims that he did make in his amended petition cannot get him relief because he can't raise a claim of ineffective assistance in failing to file a motion to suppress under this court's decision in Ivey. Also, even if we were to address that claim, there was no basis for a motion to suppress because of the nature of the questioning. And he made these statements after the police asked him about an occurrence in which he was a victim, the theft of his vehicle. And even aside from that, he couldn't establish prejudice because, as Your Honors were discussing, he stole literally thousands of pills. So it wouldn't have made a difference had his statements been suppressed. What about the claim that it's thousands of pills, but he was using a large number of pills himself and you have to divide it up into various counts? We would say that that was difficult to credit because of the nature of the pills and the amount of pills he would have to take. And the cases are legion that the quantity of the controlled substance is strong evidence of intent to deliver. And hydrocodone is a strong drug. If anybody would take as many of the pills as defendant is now asserting could constitute daily personal use, doubt that the person would survive. So the other claim, the claim regarding sentence credit, can't be ineffective assistance because the claim is that counsel is ineffective in failing to advise defendant regarding sentence credit. Lee does not create a duty on counsel to advise a defendant on a collateral consequence of a guilty plea, and that is a collateral consequence of a guilty plea, sentence credit. That claim also is refuted by the record, which contains a truth in sentencing notice, which was served on defendant. And it shows that it explicitly stated he would get no more than seven and a half days of good conduct credit per month if he was convicted on count one. So the record shows he knew that he would receive no more than 25% credit on his sentence on count one. And the remaining claim, that counsel is ineffective in failing to file post plea motions and a notice of appeal, that claim lacks merit because he can't show a reasonable probability of success on the other two claims. Defendant has to make that showing pursuant to this court's recent decision in Beasley, and he failed to make that showing. Defendant doesn't address Beasley or his failure to meet those requirements, so implicitly concedes the claim is insufficient. As to counsel's compliance with Rule 651C, I just would point out that Suarez, defendant argues that Suarez says that the record has to contain a clear and affirmative showing of compliance. I just would point out that Suarez does not state that, and no Illinois Supreme Court case states that. And the case on which defendant relies where the court said wrongly that Suarez said that is Richardson. And in that case, the court inferred compliance with Rule 651C. Now, in that case, counsel did file in Richardson a Rule 651C certificate. The certificate stated in part that counsel had consulted with petitioner by letters, and defendant Richardson argued that the certificate was insufficient to show compliance with the rule's consultation requirement. And the appellate court in Richardson disagreed, saying it's reasonable to infer that counsel consulted with petitioner by letters regarding their second-stage appointment to ascertain his contentions of constitutional deprivation set out in his pro se petition. This is all true, but we are burdened as our counsel by the failure to file a 651 certificate. How about how do we get the court to require a 651 certificate to actually be filed? Well, Your Honor, Rule 604D certificates are required. Rule 651C certificates are not. I know. As you know. It would make it easier for the court. It's a good practice, and it ought to be done. And if we say, yeah, this is all fine, are we, you know, what's the old story? If you want more of something, subsidize it. If you want less, tax it. If we want more certificates and fewer, let's search the record and see if there's been compliance. It certainly does make it harder when there's no certificate in the record. That's certain. That said, the rule says the record shall contain a showing, and that showing may be made by a certificate. So, of course, it would be great if counsel filed more certificates and filed them in every case. It would make it so much easier. But the fact that it's not filed does not mean that the rule was not complied with, of course, and doesn't warrant reversal if the record otherwise shows compliance, because that's what the rule states. And, of course, we relied on certain statements made by counsel, and if the record is what it is, we would rely on those arguments to show that, taken as a whole, it can be inferred that counsel did do what counsel was supposed to do. So, unless the Court has any further questions, I suggest that you affirm. Thank you, Ms. Shepard. Rebuttal argument? May I please report? Just initially, the State disputes my characterization of its forfeiture argument. I framed it as being that one or more of the claims was forfeited in the State's view by being included in the pro se petition and not being included in the amended petition. The State says, no, it's not included in either petition. It's not an opening brief on appeal, and then it's brought in a reply brief. The whole point, though, is the State's argument is that PC counsel didn't perfect the claim, that under Ivey, you can't go back in time before the plea and argue against a Miranda violation that occurred before. But that's not quite right. Under Tulloch v. Henderson, you can do it, but you have to frame it as arguing that the plea was bad because counsel didn't bring up the Miranda violation that occurred before it. So however the State's forfeiture argument is framed, the gist of it is that PC counsel didn't perfect the claim because he left something out. So whether it's in the pro se petition or not, it was PC counsel's job to finish the work and make the claim legally viable. It's exactly the same as forgetting to put in an assertion that appellate counsel was also ineffective in a case where not arguing that would have forfeited the claim. So however the forfeiture argument operates, it undermines the State's argument, an argument, too, that counsel adequately amended the petition to present the claims. Either way, counsel has not substantially complied with Rule 651C under the State's argument about the merits of the claims under Argument 1. The State talks about the quantity of the pills, and as an aside, the State, for the first time, claims that a person could take that many pills and survive. The factual claims are taken to be true at the second stage of proceedings, so it is irrelevant what the State personally believes. We take those claims to be true, and they're unrebutted in the record, that Mr. Tilley was taking up to 20 or 30 pills a day. He is an addict. He can take quite a lot more of these dangerous drugs than someone off the street who's not used to those medications. But in addition, these arguments about the number of pills and how many pills per day would go for how long, how many months, those arguments are taken from the briefs, and the State forfeited its chance to respond to those arguments in the briefing. So these arguments are new in oral argument, and this Court should recognize the forfeiture of those observations. The quantity of the pills can go to intent, as we've discussed, but a confession is much stronger evidence of intent, and it's not unreasonable for someone in Mr. Tilley's position to, given the proper advice at the police stage, to go to trial to take his chances for this much better sentencing range and 50 percent sentencing. He might have lost the trial and gotten the worst sentence, but it may have been reasonable for someone in his situation to roll the dice and try to convince a jury that he's a drug addict. Heroin addiction is very common now. It's not unreasonable that a jury of his period would have understood and sympathized with his situation. And just lastly, the State attempts to distinguish Suarez, but all of the cases where there's no certificate file, all of the cases that have found substantial compliance based on a showing of the record require an affirmative showing of compliance. And I would again point to this Court's recent decision of People v. Mason, which held that without statements from counsel or clear evidence, affirmative evidence on the record of substantial compliance, the case had to be revoked for further second-stage proceedings. And I agree wholly with Your Honor, Justice Steigman, we want more of these certificates to be filed. And if this Court is sitting on the fence... You had to slog through the record, too, didn't you? Yeah, I did. And it's not ideal, and it's against the purpose of the rule. We want compliance with the rule. And we can say 651C is substantial compliance and 604D is strict compliance, but in the end we want attorneys to be filing these certificates to meet the purpose of the rule, and that's not being met here. So for all these reasons, we'd ask for further second-stage proceedings or third-stage proceedings in this case. Thank you. Okay. Thank you, counsel. The case will be taken under advisement and a written decision shall issue. Court stands at recess.